UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KOKOSING CONSTRUCTION COMPANY, INC.,** | ) ) | **CASE NO. 1:19CV467** |
| Plaintiff, | ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. | ) ) | **OPINION AND ORDER** |
| **LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 860,** | ) ) ) ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Joint Motion (ECF DKT #16) to Proceed as Proposed by the Parties. For the following reasons, the Joint Motion is denied. The above-captioned case is dismissed without prejudice for want of jurisdiction.

**I. BACKGROUND**

Plaintiff Kokosing Construction Company, Inc. filed its Complaint for Declaratory Judgment on March 1, 2019. Plaintiff alleges that it entered into an agreement with Defendant Laborers' International Union of North America, Local 860 to settle pending grievances over hiring and assignment of employees for the I-271 Project. Plaintiff alleges

Defendant "has since *attempted to impose* additional requirements not included in the Settlement Agreement upon [Plaintiff] and is *threatening* additional grievances and/or litigation on [Plaintiff's] current hiring methods." (Complaint, ECF DKT #1 at ¶ 12). (Emphasis added). Plaintiff contends it has no adequate remedy at law and asks the Court to enforce the Settlement Agreement and order Defendant to comply with its terms.

Defendant answered on April 9, 2019, and asserts Counterclaims for Declaratory Judgment; Breach of Labor Contract pursuant to Section 301 of the Labor Management Relations Act (29 U.S.C. § 185); and Specific Performance. Defendant alleges that Plaintiff has refused to abide by the terms of the Settlement Agreement and has initiated a frivolous Declaratory Judgment lawsuit in order to thwart the intent of the parties' contract and to cause imminent injury to Local 860 and its members.

Following a Telephonic Case Management Conference on June 6, 2019, the Court ordered Plaintiff to show cause "why its Complaint should not be dismissed for failing to set forth a case or controversy justiciable in federal court . . . [and] to convince the Court that Plaintiff is not simply asking for an improper advisory opinion." (ECF DKT #13).

Plaintiff filed a timely response (ECF DKT #15). Plaintiff argues that a real and immediate dispute exists between parties having adverse legal interests and that the genuine and substantial controversy warrants the issuance of a declaratory judgment.

At a Telephone Status Conference on July 3, 2019, the Court committed to consider Plaintiff's contentions and ordered the parties to file a proposal as to how the case should proceed.

The parties ask the Court to retain jurisdiction over the case; but if the Court were

inclined to dismiss the Complaint, then maintain jurisdiction over Defendant's Counterclaims.

## II. LAW AND ANALYSIS

### Federal jurisdiction

Federal District Courts are courts of limited jurisdiction. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986) (*citing Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137 (1803)). "Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power." *Crabtree v. Wal-Mart*, 2006 WL 897210 at *1 (E.D.Ky. April 4, 2006), slip copy; *Richmond v. International Business Machines Corporation*, 919 F. Supp. 107 (E.D.N.Y. 1996) (citing Fed.R.Civ.P. 12(b)(1)). Want of subject matter jurisdiction may be raised at any time by the parties or by the Court on its own initiative. Fed.R.Civ.P. 12(b)(1) and 12(h)(3); *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939). "[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings." *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006), *citing Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988). The burden rests upon the plaintiff to establish affirmatively that the Court possesses subject matter jurisdiction over the case or controversy. *See e.g., Thomson v. Gaiskill*, 315 U.S. 442 (1942).

### Federal Question

District courts have original jurisdiction over "actions *arising under* the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). Original federal question jurisdiction exists "only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to

relief necessarily depends on resolution of a substantial question of federal law." *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 550 (6th Cir. 2006); *Thornton v. Southwest Detroit Hosp.*, 895 F. 2d 1131, 1133 (6th Cir. 1990) (*quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "[The well-pleaded complaint] rule provides that 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Eastman*, 438 F.3d at 550; *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003) (*quoting Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

As the United States Supreme Court declared in *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994):

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, see *Willy v. Coastal Corp.*, 503 U.S. 131, 136-137, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed.702 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of North America*, 4 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183, 56 S.Ct. 780, 782, 80 L.Ed. 1135 (1936).

Even if a party does not bring the issue to a court's attention, "Article III courts have an independent obligation to determine whether subject matter jurisdiction exists." *Airline Professionals Association of Intern. Broth. of Teamsters, Local Union No. 1224, AFL-CIO v. Airborne, Inc.*, 332 F.3d 983, 986 (6th Cir. 2003) (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)).

Parties invoking federal jurisdiction are required by Article III of the United States

Constitution to allege an actual case or controversy. *Airborne*, 332 F. 3d at 986-987 (citing *O'Shea v. Littleton*, 414 U.S. 488, 493-94 (1974)). Satisfying the ripeness doctrine is an important element of the "case" or "controversy." *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993). "Requiring that plaintiffs bring only ripe claims helps courts 'avoid[] . . . premature adjudication.'" *Airborne*, 332 F. 3d at 987 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967)). "Determining whether a claim is ripe involves evaluating 'both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Airborne*, 332 F. 3d at 988 (quoting *Abbott Labs.*, 387 U.S. at 149)).

"Ripeness is more than a mere procedural question; it is determinative of jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." *River City Capital, L.P. v. Board of County Commissioners, Clermont County, Ohio*, 491 F. 3d 301, 309 (6th Cir. 2007) (quoting *Southern Pac. Transp. Co. v. City of Los Angeles*, 922 F. 2d 498, 502 (9th Cir. 1990)).

**Declaratory Judgment**

It is well-settled that federal courts may only adjudicate actual cases or controversies. U.S. Const., Art. III, Section 2. In fact, that principle is reiterated in the Declaratory Judgment Act, which states, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. Nonetheless, the Supreme Court has emphasized the discretionary nature of the Act. In *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112 (1962), the highest court opined: "'The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of

rights; it did not impose a duty to do so.' *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494, 499 [62 S.Ct. 1173, 1177-78, 86 L.Ed. 1620 (1942)]." Put another way, the declaratory judgment statute "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Green v. Mansour*, 474 U.S. 64, 72 (1985). In exercising its discretion, a federal court must only pass judgment upon real, not uncertain nor hypothetical, disputes. As the Supreme Court noted in *Golden v. Zwickler*, 394 U.S. 103, 108 (1969), quoting earlier decisions:

> [T]he federal courts established pursuant to Article III of the Constitution do not render advisory opinions. For adjudication of constitutional issues 'concrete legal issues, presented in actual cases, no abstractions' are requisite. This is as true of declaratory judgments as any other field. *United Public Workers of American (C.I.O.) v. Mitchell*, 330 U.S. 75, 89, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947). The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941).

A party seeking a declaratory judgment must establish that jurisdiction "existed at the time the claim for declaratory relief was filed and that it has continued since." *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed.Cir. 2007). In *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007), the Supreme Court held that, while there is no bright-line test for deciding whether a declaratory judgment action constitutes an actual controversy, what is required is:

> that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from

an opinion advising what the law would be upon a hypothetical state of facts.

In evaluating declaratory judgment jurisdiction, courts traditionally use the five factors articulated in *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). Federal courts examine whether (1) the declaratory judgment would settle the controversy; (2) the declaratory judgment would serve a useful purpose in clarifying the legal relations at issue; (3) the declaratory judgment vehicle is being used merely for "procedural fencing" or to "provide an arena for a race for res judicata;" (4) the declaratory judgment would increase friction between state and federal courts or encroach on state jurisdiction; and (5) whether there is a more effective, alternative remedy. *Id.*

In the instant matter, Plaintiff accuses Defendant of attempting to impose additional requirements not included in their Settlement Agreement and of threatening additional labor grievances. Plaintiff's prayer for relief seeks a declaration of Plaintiff's "non-breach" of the Agreement.

Upon analysis of the factual allegations, the Court cannot determine whether the ultimate conflict between the parties will be resolved since the claims are so vague. There is a very real possibility that further litigation before the NLRB will occur during the course of the I-271 Project.

Also, it is questionable whether a declaratory judgment ruling on the Complaint would end the dispute between the parties, particularly in light of Defendant's Counterclaim.

The Court will not go so far as to say that Plaintiff is engaging in procedural fencing or is acting upon some strategic motivation; but Defendant believes that to be so and charges Plaintiff with filing a frivolous lawsuit. (Counterclaim, ECF DKT #7 at ¶ 12).

The *Grand Trunk* factor concerning federal-state friction is not relevant here.

Lastly, although Plaintiff expresses that there is no adequate remedy at law, a breach of contract cause of action authorized under Section 301 of the Labor Management Relations Act is potentially available to Plaintiff to enforce Defendant's obligations under the Settlement Agreement.

The Court finds that the *Grand Trunk* factors weigh against exercising federal jurisdiction over this case.

Moreover, Plaintiff's Complaint is not sufficiently real, immediate or ripe. The Court, in its discretion, declines Plaintiff's invitation to provide "an opinion advising what the law would be upon a hypothetical state of facts." *Medimmune*.

**<u>Defendant's Counterclaim</u>**

As noted above, Defendant asserts a three Counterclaims: Declaratory Judgment; Breach of Labor Contract pursuant to Section 301 of the Labor Management Relations Act (29 U.S.C. § 185); and Specific Performance.

It is well-settled that federal jurisdiction cannot be predicated upon an anticipated defense nor upon an actual or anticipated counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). *See also*, *Bank of America, N.A. v. Marshall*, No. 1:13-cv-280, 2014 WL 12676234 , *2 (E.D. Tenn. Feb. 18, 2014); *Fannie Mae v. Yousif*, No. 12-13087, 2012 WL 13013367, *1 (E.D. Mich. Oct. 10, 2012).

In *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc*., 535 U.S. 826, 832 (2002), the Supreme Court observed that a counterclaim asserted in a responsive pleading cannot provide the basis for "arising under" jurisdiction consistent with the well-pleaded

complaint rule. Further, the *Holmes* court opined that it "would undermine the clarity and simplicity"of the well-pleaded complaint rule to require federal courts to consider "not only the complaint but also the responsive pleadings" to determine whether the case "arises under" federal law. *Id*.

The Court has decided that it will not exercise jurisdiction over a claim for Declaratory Judgment. Moreover, specific performance is an equitable remedy and not a legal cause of action. Even though Defendant seeks relief in the Counterclaim for Breach of Contract under 29 U.S.C. § 185, that is legally insufficient to justify the exercise of federal jurisdiction when the "arising under" basis resides in the Counterclaim only.

### III. CONCLUSION

For these reasons, the Joint Motion (ECF DKT #16) to Proceed as Proposed by the Parties is denied and the above-captioned case is dismissed without prejudice for want of jurisdiction.

**IT IS SO ORDERED.**

**DATE: August 14, 2019**

> **s/Christopher A. Boyko**
> **CHRISTOPHER A. BOYKO**
> **United States District Judge**